## RANGE v. BROOKS.

Plaintiff in justice's court perfected on March 1st an appeal from a judgment of dismissal, with costs, rendered February 21st, and paid the transcript fee, and requested the justice to certify

the record to the circuit court. On March 5th the justice returned the appeal papers and asked that they conform to a corrected judgment increasing the amount of the costs. The request was complied with, and the corrected papers were returned to the justice, who on March 18th acknowledged the receipt of the corrected papers, and stated his readiness to transmit the same to the circuit court, but stating that he would not do so until the balance of the corrected judgment for costs was paid. On March 22d a draft to cover the balance was sent. The justice did not file the transcript until May 2d, after plaintiff's attorney had threatened to procure an order punishing him for failure to perform a legal duty. **Held** that, since plaintiff took every step to overcome the objections made by the justice, the appeal could not be dismissed on the ground that the transcript was not filed in the circuit court within the 15 days fixed by statute.

(Opinion filed November 18, 1910.)

Appeal from Circuit Court, Buffalo County. Hon. FRANK B. SMITH, Judge.

Action by Will Range against Nels Brooks. From a judgment dismissing an appeal from a judgment of the justice of the peace dismissing the action, plaintiff appeals. Reversed.

*Emil J. Woerth,* for appellant. *Ward B. Dyer,* for respondent.

WHITING, P. J. This action was originally brought in justice court at Gann Valley, in Buffalo county; plaintiff being represented by counsel living at Kimball, a town some 22 miles south of Gann Valley, Gann Valley being an inland town without any railroad connections whatsoever. The trial in justice court was had on February 19, 1910, and upon February 22 the attorney for plaintiff received notice from the justice that on February 21, 1910, judgment was entered dismissing the complaint and for costs in favor of the defendant. March 1 the plaintiff perfected an appeal to the circuit court, by giving the proper notice and undertaking and filing the same with the justice. May 2, 1910, a transcript from the justice court was filed with the clerk of the circuit court, and, upon May 6, defendant served plaintiff with a motion to dismiss the appeal, upon the ground that the papers from the justice court were not transmitted to the clerk of the circuit court within 15 days from the perfection of the appeal. Plaintiff filed an affidavit resisting said motion, but the motion was sustained; and it is from the order of the circuit court, dismissing the appeal from the justice court, that this appeal is taken.

There is no dispute as to the. facts· herein, and the only question before us is whether, under the undisputed facts, the circuit court was justified in dismissing such.appeal. The justice, before the trial in justice· court, demanded security for ·costs, and $15 was ·deposited by the plaintiff as such security. .The judgment in justice court, as originally rendered, was $21.65, which judgment included the fees·of the court officers, as well as witness fees and attorney fees. When the. appeal was first perfected, the attorney. for appellant paid to the justice .his transcript fee, and requested him to certify the record to the clerk of the circuit court within five days. March 5 the justice wrote a letter to appellant's attorney, which was received on March 7, and in which letter the justice advised the attorney that the judgment as rendered was too small, and notified him that he had changed same to $26.65. The justice returned, with said letter, the appeal papers, and asked the attorney to correct the same to conform to the corrected judgment. Appellant's attorney immediately complied with such request of the justice, and returned the corrected papers to said justice, urging the justice to hasten the transmitting of transcript to circuit court, and such attorney states that he believed the papers would be immediately forwarded to the clerk, and that he relied upon such belief. On March 19 said attorney received another letter from the justice, dated the 18th, in which the justice acknowledged the receipt of the corrected papers and stated his readiness to transmit the same, with the proper record, to the clerk of the circuit court, but advising said attorney that he would not do so until the balance of the judgment was paid, stating, "You must pay the rest of the costs before you can appeal the case." Appellant's attorney then, on March 22, sent such justice a draft to cover the balance of the judgment. He afterwards phoned to the clerk of the circuit court and to the justice to ascertain if the papers had been properly filed, and found they had not been filed; the justice giving as his excuse "that he had been to see the clerk a number of times, but each time found him out of town." The attorney then threatened to procure an order from the circuit court punishing the justice for· refusing to perform his legal duty, and after such threat the

justice finally filed his transcript with the clerk of the circuit court.

Appellant insists that the facts herein bring this case under the law as laid down in McLaughlin v. Michel et al., 14 S. D. 190, 84 N. W. 778, wherein this court said: "If the transcript is filed after the 15 days, and no objection is taken, the court may proceed to try the case, and the fact that the transcript was filed after the time does not affect the jurisdiction of the appellate court or the regularity of its proceedings. If, however, a motion is made to dismiss the appeal, and the failure to file the same *has not been caused by the fault or the neglect of the appellant or his attorney,* we are of the opinion that the court should deny the motion and proceed with the trial of the cause." Respondent contends that appellant was neglectful, in that he did not go to Gann Valley and see that the papers were filed, or else bring proper proceedings to compel the justice to do his duty. We are inclined to think that the appellant was justified in what he did. He certainly had a right to rely upon the justice doing his duty, and he took every possible step to overcome the different objections or obstructions placed in his way, even to making payments which it is clear, the justice had no right to demand, and, during all the time up to the time the 15 days fixed by statute had expired there was nothing to lead the appellant to believe that such transcript would not be filed in time, and it appears that, after appellant found that the justice had not done as he had agreed to do in his letter, wherein he demanded the balance of the costs, the appellant proceeded by every reasonable means, other than action in court, to get the justice to perform his duty, and we cannot see anything in the record that would lead us to believe that a trip to Gann Valley would have served any useful purpose.

We are of the opinion that the circuit court was in error in its order dismissing the appeal, and the order is reversed.